# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-00167-FDW

| | |
|---|---|
| LEONARD L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Leonard L. Jones' Motion for Summary Judgment, (Doc. No. 8), and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Judgment on the Pleadings. (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary judgment is GRANTED, and the Administrative Law Judge's ("ALJ") decision is AFFIRMED.

## I. BACKGROUND

On May 10, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability on July 13, 2009. Following denial of his application on October 7, 2011, and reconsideration on December 21, 2011, Plaintiff requested a hearing on January 18, 2012. On January 7, 2013, a video hearing was held and the ALJ issued a

1

decision finding that Plaintiff was not disabled from July 13, 2009. The ALJ found these impairments severe: status post pacemaker placement and degenerative disc disease. The ALJ specified that diabetes, hypertension, a fractured ankle, sleep apnea, urinary retention, cognitive impairment and finger stiffness were non-severe conditions.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit has defined "substantial evidence" as:

> Substantial evidence has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .")

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

This Court reviews the Commissioner's denial of disability insurance benefits to determine whether the decision is supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between July 13, 2009, and the date of his decision.[1] Plaintiff bears the burden of proof to establish he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). First, Plaintiff must show that he is not engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, Plaintiff

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

must show that he had an impairment or a combination of impairments, and that the impairment(s) is severe. 20 C.F.R. § 404.1520(a)(4)(ii). Plaintiff must have suffered from this impairment for more than twelve months to receive benefits. Id. Third, if Plaintiff can show that his severe impairment(s) meets or medically equals one the listings in 20 C.F.R. § 404, subpart P, appendix 1, then Plaintiff is automatically considered to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, Plaintiff must show that he does not have the residual functional capacity ("RFC") to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iii). Finally, if Plaintiff meets those four elements, it becomes the Commissioner's burden of proof to establish whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

On January 15, 2013, the ALJ found that Plaintiff was not disabled at any time between July 13, 2009, and the date of his decision. In applying the five-step process for determining whether a person is disabled, the ALJ first determined that Plaintiff had not been engaged substantial gainful activity since July 13, 2009. (Doc. No. 6-3 at 29). The ALJ then found that Plaintiff had severe impairments, which include: status post pacemaker placement and degenerative disc disease. Id. At step three, the ALJ determined that none of Plaintiff's impairments met or were medically equivalent to any of the listings in 20 C.F.R. § 404, subpart P, appendix 1. Id. at 30. To determine whether Plaintiff could perform the requirements of his past work, his RFC was calculated. The ALJ found that Plaintiff's RFC made him capable of only performing "light work as defined in 20 CFR 404.1567(b) except the claimant can perform no more than occasional climbing of ropes, ladders, scaffolds, ramps or stairs, and he must avoid concentrated exposure to hazards and vibrations." Id. at 31. With regard to the fourth step, the ALJ found that Plaintiff could perform his past relevant work as a line haul supervisor. Id. at 33.

The ALJ's analysis stops at step four because Plaintiff was found to have the RFC to do his past relevant work and therefore, is not disabled. Id. At 29.

On appeal, Plaintiff claims the ALJ's errors include improperly assessing: (1) the severity of impairments in combination, including Plaintiff's obesity; (2) credibility; and (3) step-four determination. For the foregoing reasons, these arguments fail. (Doc. No. 8 at 2).

### A. CONSIDERATION OF PLAINTIFF'S IMPAIRMENTS

Plaintiff argues that the ALJ failed to properly combine Plaintiff's impairments when considering severity. Plaintiff alleges the ALJ failed to consider Plaintiff's alleged obesity, left rotator cuff repair, and complaints of fatigue and pain. Plaintiff's arguments are not supported by the record.

Plaintiff argues the ALJ did not consider his impairments in their entirety and combination thereof resulting in an incorrect finding as to the limitations these impairments place on Plaintiff. Plaintiff cites to his own testimony showing he complained of "joint pain" and "continued pain therefrom." (Doc. No. 8). Additionally, Plaintiff argues that limitations from obesity were in the record however he only cites to his testimony indicating he had problems with "bending, stooping, and bathing" without producing other evidence proving the relation. Id.

However, Plaintiff's arguments fail because the ALJ considered Plaintiff's impairments in combination. The ALJ "considered all symptoms and the extent to which these symptoms can reasonably be expected as consistent with the objective medical evidence and other evidence based on requirement of CFR 404.1529 . . . ." (Doc. No. 6-3 at 31). Additionally, the ALJ found, "that due to a combination of his impairments, he is limited to work at light exertional level . . . ." (Doc. No. 6-3 at 33).

Here, the ALJ did not find Plaintiff's testimony credible stating, "[S]ymptoms are not entirely credible for reasons explained in this decision." (Doc. No. 6-3 at 32). The ALJ specifically noted that although the Plaintiff had described a restricted lifestyle, the objective evidence in the record lacked support for such restrictions. (Doc. No. 6-3, at 32). Plaintiff testified that he could not sit for longer than 15 – 20 minutes nor stand for longer than about 10 minutes without his back hurting. Id. at 31. Plaintiff also testified that his wife does most of the housework and he pays someone to the yard work. Id. Given this testimony, the ALJ specifically noted that although Plaintiff complains of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on Plaintiff by a treating or examining physician however, a review of the record showed no such statement. Id.

After review of the ALJ's decision, the Court finds that the ALJ properly assessed the severity of Plaintiff's impairments and therefore found the correct limitations Plaintiff's impairments place on him. Substantial evidence in the record supports the ALJ's conclusion.

### B. EVALUATION OF PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ determined the incorrect RFC due to an improper assessment of Plaintiff's credibility. A claimant's RFC represents the extent of his possible work activity despite his impairment. 20 CFR § 404.1545(a). One factor used to assess the RFC is the credibility of Plaintiff's testimony relating to his symptoms. 20 CFR § 404.1529. When assessing credibility, the Commissioner follows a two-step process: (1) determining whether the underlying impairment could reasonably be expected to produce the individual's symptoms and pain, and (2) determining whether the intensity, persistence, and limiting effects of such symptoms are credible and consistent with the record evidence. Id. at (a)-(b).

Here, the ALJ determined Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ did not find Plaintiff's statements concerning his intensity, persistence, and limiting effects of these symptoms to be credible. The ALJ specifically noted discrepancies between Plaintiff's testimony and the record concerning reasons why he stopped working, restricted lifestyle, and severity of the Plaintiff's alleged condition. (Doc. No. 6-3 at 32). When assessing the RFC, the ALJ's decision must "contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7P, available at 1996 WL 374186, at * 4.

The ALJ first considered Plaintiff's testimony that, although he had difficulty at work, he had stopped working for reasons other than the alleged disabling impairments. The ALJ then pointed to the record indicating that Plaintiff had stopped working due to being laid off. In fact, Plaintiff testified he would have returned to work if he had not been laid off. (Doc. No. 6-3 at 32). Second, the ALJ considered Plaintiff's testimony and the record concerning Plaintiff's alleged restricted lifestyle, finding the lifestyle to have been "self-imposed, as no physician had directed the claimant to limit his activities." Id. While ALJ noted Plaintiff's allegations of totally disabling symptoms, the ALJ however, found no evidence in the treatment records of restrictions being placed on Plaintiff by his treating physicians. Third, the ALJ considered the severity of Plaintiff's alleged condition. In doing so, the ALJ noted evidence of record regarding Plaintiff's back pain but, in looking at all of the record, found "the claimant has generally received conservative treatment for this condition." Id.

Therefore, Plaintiff's argument that the ALJ determined the incorrect RFC based on an improper credibility finding fails because the ALJ had substantial evidence to determine Plaintiff's credibility and evaluate Plaintiff's subjective complaints.

### C. ALJ'S STEP-FOUR DETERMINATION

Plaintiff alleges the ALJ could not have made a determination of Plaintiff's disability status at step-four because the ALJ left unresolved vocational conflicts and did not fully develop the vocational expert's questioning of Plaintiff. However, because the burden is on Plaintiff to show that his past work exceeded his current RFC and not with the ALJ to develop the record otherwise, Plaintiff's argument fails.

The record shows the ALJ found Plaintiff's RFC to perform light work as defined in 20 CFR § 404.1567(b). Plaintiff testified that he worked in an office and was required to walk up and down the loading dock. (Doc. No. 6-3). When asked by the VE whether Plaintiff's job required him to be seated or go out into the yard, Plaintiff testified that "it was up and down." (Doc. No. 12 at 10). Plaintiff alleges that the record was never fully developed as to what "up and down" required; however, it is Plaintiff's burden to show what his actual work required. Upon hearing this testimony, the VE determined Plaintiff's work as a line haul supervisor fit into the DOT description of a truck dispatcher, which required light exertion and was skilled vocationally. Id.

The ALJ did not err in considering Plaintiff's own testimony and the VE's testimony that "a person with the above described residual functional capacity would be able to perform the job as described by the claimant." (Doc. No. 6-3 at 33).

Substantial evidence supports the ALJ's determination that Plaintiff is capable of performing his past relevant work in compliance with his RFC.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED; Defendant's Motion for Judgment on the Pleadings (Doc. No. 11) is GRANTED; and the Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: February 11, 2015

Frank D. Whitney
Chief United States District Judge